## H. LaBaum vs. Newton Burgess.

Mayo, J.   Where the surety on a release bond in a sequestration suit intervenes and contests plaintiff's privilege, but fails, owing to insufficiency of proof, the said surety, when sued on the bond cannot contest the correctness or privileged nature of plaintiff's claim; the former judgment is *res judicata* between the parties as to all questions raised, or which could have been raised in that suit.

2.   False representations may form a just basis for a demand in damages; but where the merchant, who furnishes supplies to the tenant, claims that he was misled by the landlord as to the amount of rent charged and due, thereby damaging him, he cannot set up such claim for damages as a reconventional demand when sued on the tenant's release bond for property sequestered.

3.   A third person who permits his mules to be used by the lessee, subjects them to a pledge in favor of the lessor; as a general rule, the owner of the stock can, at any time, remove them from the leased premises and thereby defeat the right of pledge; but where he removes the stock just before it is seized by the lessor, for the purpose of preventing its seizure for rent, the lessor can sue for and recover from the party removing said property, all damage and loss that result from such removal.   The act of removing the property, under such circumstances, is a wrong and fraud upon the lessor, and the party causing the removal is responsible for the damages, whether the stock belongs to him or not.   8 R. 428; 12 R. 20.

## J. C. Carson vs. J. B. Colvin.

Gunby, J.   Where a written contract for building a dwelling house contains inconsistent provisions, and expressly states that its terms, specifications and plans are subject to modification, by agreement of the parties, and the subsequent acts of both parties show that they changed or disregarded the contract, the obligations of the parties will be fixed by evidence of their liability *dehors* the contract.